**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 11 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARI-LYNNE EARLS, | No. 19-16893 |
| Plaintiff-Appellant, | D.C. No. 3:19-cv-01317-VC |
| v. | |
| MARY J. GREENWOOD, Presiding Justice, in her official capacity as Administrative Presiding Justice of the Sixth District Appellate Court, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Vince Chhabria, District Judge, Presiding

Submitted August 5, 2020[**]

Before:    SCHROEDER, HAWKINS, and LEE, Circuit Judges.

Mari-Lynne Earls appeals pro se from the district court's judgment

dismissing her 42 U.S.C. § 1983 action alleging constitutional claims related to the

application of California's Vexatious Litigant Statute, Cal. Civ. Proc. Code §§ 391-

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

391.8.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal under the *Rooker-Feldman* doctrine.  *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003).  We affirm.

The district court properly dismissed Earls's action challenging the application of California Civil Procedure Code §§ 391.7 and 391.8 to her state court filings because it constitutes a forbidden "de facto appeal" of prior state court judgments imposed for her failure to demonstrate an entitlement to relief under §§ 391.7 or 391.8, and raises claims that are "inextricably intertwined" with those judgments.  *See Noel*, 341 F.3d at 1163-65 (discussing proper application of the *Rooker-Feldman* doctrine); *see also Henrichs v. Valley View Dev.*, 474 F.3d 609, 616 (9th Cir. 2007) (*Rooker-Feldman* doctrine barred plaintiff's claim because the relief sought "would require the district court to determine that the state court's decision was wrong and thus void").  Contrary to Earls's contention, her request for prospective injunctive relief does not make the *Rooker-Feldman* doctrine inapplicable to her claims.  *See Noel*, 341 F.3d at 1163-65.

We reject as without merit Earls's reliance on *Earls v. Cantil-Sakauye*, 745 Fed. App'x 696 (9th Cir. 2018).

We do not consider matters not specifically and distinctly raised and argued in the opening brief.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

19-16893